**ORIGINAL**

**FILED**
SEP 25 2014
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

RAYTHEON COMPANY,

    Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.

FILE NO. 14- 906C

## COMPLAINT

# **TABLE OF CONTENTS**

Page

COMPLAINT ............................................................................................................................... 1

PARTIES ...................................................................................................................................... 1

JURISDICTION/TIMELINESS OF APPEAL ............................................................................. 1

RELATED CASES ....................................................................................................................... 1

STATEMENT OF THE CASE ..................................................................................................... 2

    A.    DCMA'S FY 2007 COFD ............................................................................... 2

    B.    The FY 2007 COFD is Not a Valid Claim ........................................................ 2

        1.    The Government's "Claim" Fails to Identify a Contract or Contracts Through Which the Government Demands Payment ................ 3

        2.    The FY 2007 COFD Improperly Seeks Repayment of Amounts Paid to Raytheon SAS as a Subcontractor or Commercial Contractor ............................................................................................... 4

    C.    The Statute of Limitations Bars the Government's Claims ................................. 5

    D.    Each of the Government's Disallowance of Costs In The 2007 COFD Is Wrong ............................................................................................................... 6

COUNTS ....................................................................................................................................... 9

    I.    COUNT I - Declaratory Relief Regarding Improper Disallowance ..................... 9

    II.    COUNT II - Declaratory Relief Regarding the Validity of the FY 2007 COFD .............................................................................................................. 10

    III.    COUNT III - Declaratory Relief Regarding Statute of Limitations .................... 10

    IV.    COUNT IV - Declaratory Relief That the Government's Claim Is Overstated as Applied to Indirect Costs Paid to Raytheon Either as a Subcontractor or Commercial Contractor ......................................................... 11

    V.    COUNT V - Declaratory Relief Regarding Estoppel ....................................... 12

PRAYER FOR RELIEF ............................................................................................................. 12

## COMPLAINT

Plaintiff, Raytheon Company ("Raytheon"), by and through its undersigned attorneys, asserts the following claims against the United States Government:

## PARTIES

1. The plaintiff, Raytheon, is incorporated in Delaware and has its principal place of business in Waltham, Massachusetts. References in this Complaint to Raytheon generally refer to activities of the Raytheon Space and Airborne Systems ("Raytheon SAS") business unit.

2. The defendant is the United States of America (the "Defendant" or "Government"), acting through its agency, the Department of Defense ("DoD"), in turn acting through its agencies, the Defense Contract Management Agency ("DCMA") and the Defense Contract Audit Agency ("DCAA").

## JURISDICTION/TIMELINESS OF APPEAL

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(2), and 41 U.S.C. § 7104(b).

4. On June 26, 2014, the Divisional Administrative Contracting Officer ("DACO") of DCMA issued a purported Contracting Officer's Final Decision (the "FY 2007 COFD") in which the DACO disallowed $80,090,560 of the incurred costs included in Raytheon SAS' 2007 Final Indirect Cost Rate Proposal, and demanded that Raytheon pay that full amount to DCMA, plus penalties of $255,729 and interest of $70,560.

5. This Complaint is filed within one year of the date of the FY 2007 COFD and is, therefore, timely filed.

## RELATED CASES

6. This lawsuit is related to Case No. 1:13-cv-00092-CFL, which was filed by Raytheon on February 1, 2013 in this Court in response to a $97 million claim by the

1

Government regarding overhead costs incurred by Raytheon SAS in 2004 (the "FY 2004 Complaint"), Case No. 1:13-cv-00341-CFL, which Raytheon filed on May 20, 2013 in this Court in response to a $150 million claim by the Government regarding Raytheon's overhead costs incurred in 2005 (the "FY 2005 Complaint"), and Case No. 1:13-cv-00508-CFL, which Raytheon filed on June 13, 2014 in this Court in response to a $27 million claim by the Government regarding Raytheon's overhead costs incurred in 2006 (the "FY 2006 Complaint").

## STATEMENT OF THE CASE

### A. DCMA'S FY 2007 COFD

7. Raytheon files this lawsuit to overturn the FY 2007 COFD which purported to disallow over $80 million in indirect costs Raytheon SAS incurred in 2007, and demanded payment from Raytheon of $80,416,849, including penalties and interest, as well as any interest claimed by the Government from the date of the deferment agreement executed by Raytheon and Defendant.

### B. The FY 2007 COFD is Not a Valid Claim

8. The Contract Disputes Act of 1978 ("CDA"), now codified at 41 U.S.C. § 7101 *et seq.*, requires that each claim by the Government against a contractor relating to a contract shall be the subject of a written decision by the contracting officer. 41 U.S.C. § 7103(a)(3). The CDA also provides that each Government claim against a contractor "shall be submitted within 6 years after accrual of the claim." 41 U.S.C. § 7103(a)(4)(A).

9. The CDA does not define the term "claim." Under the FAR, a "claim" must be: (1) a written demand or assertion, (2) seeking as a matter of right, (3) the payment of money in a sum certain. FAR § 2.101; *James M. Ellett Const. Co., Inc. v. United States*, 93 F.3d 1537, 1542 (Fed. Cir. 1996). These requirements apply equally to Government claims against contractors, as well as contractor claims against the Government. *See, e.g., Joseph Morton Co. v. United States*,

2

757 F.2d 1273, 1279-80 (Fed. Cir. 1985); *Volmar Const., Inc. v. United States*, 32 Fed. Cl. 746, 756 (1995); *The Boeing Co.*, ASBCA No. 57490, 12-1 BCA ¶ 34,916; *Knights' Piping, Inc.*, ASBCA No. 46988, 96-1 BCA ¶ 27,948.

### 1. The Government's "Claim" Fails to Identify a Contract or Contracts Through Which the Government Demands Payment

10. The CDA mandates that "[e]ach claim by the Federal Government *against a contractor relating to a contract* shall be the subject of a written decision by the contracting officer." 41 U.S.C. § 7103(a)(3) (emphasis added). The term "contractor" means a party to a Federal Government contract other than the Federal Government. 41 U.S.C. § 7101(7). To constitute a valid claim, a CDA claim must identify the contract, contracts, or test contract under which the dispute arises. *See T.J.D. Servs., Inc. v. United States*, 6 Cl. Ct. 257, 261 (1984); *Martin Marietta Corp.*, ASBCA No. 38920, 90-1 BCA ¶ 22,418 at 112,609. In *T.J.D. Services, Inc.*, this Court stated that it was "unconvinced that a letter containing no more than a demand for damages, absent any identification upon which contract damages arise or any identification of the grounds upon which the claim is founded, can constitute a valid *written* claim within the scope of the CDA. *T.J.D. Services*, 6 Cl. Ct. at 261 (emphasis in original).

11. Additionally, FAR § 33.211(a)(4) requires that all Contracting Officer Final Decisions must describe the claim or dispute, refer to the pertinent contract terms, state the factual areas of agreement and disagreement, and set forth the Contracting Officer's decision, with its supporting rationale.

12. The FY 2007 COFD does not identify any contracts executed between Raytheon SAS and the Government. As such, it fails to meet the definition of a claim under the CDA, and is therefore invalid and insufficient to establish subject matter jurisdiction.

## 2. The FY 2007 COFD Improperly Seeks Repayment of Amounts Paid to Raytheon SAS as a Subcontractor or Commercial Contractor

13. Based on information and belief, the FY 2007 COFD significantly inflates the claimed disallowance by the amount paid to Raytheon SAS as a subcontractor or commercial contractor.

14. It is well recognized that an express or implied contract must exist between the Government and a contractor before either party can pursue a claim under the CDA. *See CareFirst BlueCross BlueShield*, ASBCA Nos. 52849 *et al.*, 05-2 BCA ¶ 32,998. Since privity of contract is deemed to be essential for a CDA claim, this Court lacks jurisdiction over Government actions against a contractor performing work under a federal contract in the role of a subcontractor. *See United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1548-49 (Fed. Cir. 1983); *BLH, Inc. v. United States*, 13 Cl. Ct. 265 (1987); *Astronautics Corp. of Am.*, ASBCA No. 49691, 99-1 ¶ BCA 30,390. The same is equally true for work performed by a contractor under commercial contracts (in which the U.S. Government is not the ultimate customer).

15. This point was best addressed in *Astronautics*, where the Armed Services Board of Contract Appeals dismissed a Government claim for a Cost Accounting Standards ("CAS") violation brought directly against a subcontractor. There, the Board stated:

> We conclude that in these circumstances, the Government may not file a CAS claim directly against a subcontractor under the CDA. That is not to say that a CAS covered subcontractor may violate CAS with impunity. Rather, the Government's remedy is against the relevant CAS prime contractor under the contract in issue, and the Government may adjust the prime contract price or cost as appropriate to the extent a CAS covered subcontractor has failed to meet its CAS obligations.

99-1 ¶ BCA 30,390 at 150,213.

16. Raytheon SAS estimates that in FY 2007 a substantial portion of its business, literally over one billion dollars, was performed as either a subcontractor on a Government

4

contract, or as a commercial contractor. The Government does not have privity with Raytheon SAS for contracts Raytheon SAS performs as a subcontractor or as a commercial contractor. Therefore, the portion of the FY 2007 COFD that relates to the Government's disallowance of indirect costs incurred through Raytheon SAS' performance as a subcontractor and a commercial contractor is a legal nullity because Raytheon SAS is not considered to be a contractor within the meaning of the CDA in those instances. *See Aydin Corp.*, ASBCA No. 50301, 97-2 BCA ¶ 29,260; *General Dynamics Corp.*, ASBCA No. 49339, 97-2 BCA ¶ 29,167; *Harney County Gypsum, Co.*, AGBCA No. 93-190, 94-1 BCA ¶ 26,455.

17. To the extent that the Government is seeking reimbursement for indirect costs paid under Raytheon SAS' subcontracts with Government prime contractors, the Government must assert any such claims against the relevant prime contractors (similar to how the Government pursues defective pricing claims against subcontractors). *See McDonnell Douglas Servs. Inc.*, ASBCA No. 56568, 10-1 BCA ¶ 34,325.

18. This Court, therefore, has no jurisdiction over such portion of the FY 2007 COFD that demands amounts paid to Raytheon SAS under a subcontract or a commercial contract.

C. **The Statute of Limitations Bars the Government's Claims**

19. In November 2006, Raytheon SAS submitted to the DCMA Raytheon SAS' Interim Billing Rate Proposal for 2007. This proposal included anticipated costs in the nine categories referenced in the FY 2007 COFD. As such, DCMA knew in November of 2006 that Raytheon SAS intended to bill these costs to the Government.

20. A six-year statute of limitations applies to the claims asserted in the FY 2007 COFD regarding Raytheon SAS' 2007 indirect rates. 41 U.S.C. § 7103(a)(4)(A). In light of the Interim Billing Rate Proposal for 2007 submitted in November 2006, the Government was on notice of the purported claims therein long before June 26, 2008, the date six years before the

Government issued its FY 2007 COFD on June 26, 2014.

21. Most of the purported claims in the 2007 COFD pertain to matters disclosed to the Government more than a decade ago. This information came in many forms. DCMA and DCAA personnel have worked in offices located inside Raytheon's facilities in El Segundo, California. DCMA and DCAA staff have also had, and have, access to Raytheon's facilities, personnel, and Raytheon's computer databases that contain the accounting information at issue here. Since 2000, for example, DCMA personnel attended hundreds of weekly meetings in which Raytheon fully disclosed amounts and accounting treatment of independent research and development ("IR&D") and capital costs that the Government waited until 2014 to disallow.

22. As such, the 2007 COFD is barred by the six year statute of limitations.

### D. Each of the Government's Disallowance of Costs In The 2007 COFD Is Wrong

23. In the 2007 COFD the DACO disallowed certain costs for the following reasons:

    a. Indirect labor costs by direct employees were disallowed due to the alleged inability to reconcile the costs with timesheets and the belief that some of the hours appeared to be excessive and unproductive hours;

    b. Depreciation costs associated with Engineering Development Models ("EDM") and Special Test Equipment ("STE") for Raytheon's subcontract E10041R with the Boeing Company because the EDM and STE were disallowed because the Government believed they were required in the performance of the subcontract;

    c. Rent costs associated with certain buildings in Long Beach, California were found to be in noncompliance with FAR § 31.207-17 "Idle Facilities and Idle Capacity Costs;"

      d.     Outside consultant services costs were disallowed because Raytheon allegedly would not provide copies of rate agreements and/or Raytheon would not provide evidence of the actual services performed;

      e.     Costs charged to Employee morale were disallowed because Raytheon allegedly claimed amusement, diversion entertainment, social activities and directly associated costs such as meals, rentals and gratuities;

      f.     Costs charged as IR&D costs were disallowed because Raytheon allegedly could not support the costs with source documents; and

      g.     Direct material costs were disallowed because DCAA allegedly was unable to verify the costs with a contract.

24.    The disallowances set forth in the 2007 COFD are wrong because:

      a.     Raytheon had provided sufficient documentation for the DCAA to reconcile the costs charged to indirect labor by direct labor and the hours charged were reasonable and productive;

      b.     Depreciation costs associated with the EDMs and STEs at issue were appropriate because the EDMs were built with Raytheon funds, and by agreement between Raytheon and Boeing, Raytheon retained title to the EDMs and loaned them to Boeing for use by Boeing during the period of the subcontract, after which the units were to be returned to Raytheon; similarly, the test equipment at issue was built using Raytheon funds and the equipment was built with the plan to use the test equipment on multiple contracts, and in fact the test equipment was used on multiple contracts;

c. Rent costs associated with certain buildings in Long Beach, California were in compliance with FAR § 31.207-17, Idle Facilities and Idle Capacity Costs" and, moreover, were charged in accordance with an advance agreement with the Government;

d. The Government's disallowance of costs of outside consultants is focused primarily on an environmental cleanup effort for a site known as Playa Vista. Raytheon has been engaged in helping clean up this site for more than twenty years. Raytheon acquired portions of the Hughes Corporation in 1997. Prior to 1997, Hughes and Boeing had entered into an environmental cleanup agreement with a third party, Playa Capital. The agreement, invoices and all information supporting the costs of cleanup in 2007 were given to the Government years ago and there is more than sufficient data to justify the costs in question;

e. Documentation sufficient to justify the questioned costs to employee morale has been provided to the Government;

f. Raytheon believes the disallowance of IR&D is inappropriate because Raytheon properly accounted for its IR&D costs and provided sufficient supporting documentation to demonstrate that the costs have been incurred, are allowable as IR&D, and comply with applicable cost principles. Raytheon provided project definitions and actual costs for 2007 IR&D from the accounting system that details the nature of the proposed expense. The Government chose not to audit the labor, material and ODC that make up the IR&D expense; instead the Government

    focused on the form of a schedule or the type of application used to create a report. Raytheon has provided reconciliation of the proposed IR&D to the appropriate schedule which demonstrates the costs have received the proper burdening and are allocated to final cost objectives in accordance with FAR § 31.205-18 and CAS 420.

  g. Raytheon has provided sufficient documentation to demonstrate it has properly treated direct material costs.

25. For the reasons set forth above, the Government's disallowances of the costs in question are wrong and should be rejected by this Court.

## COUNTS

### I. COUNT I - DECLARATORY RELIEF REGARDING IMPROPER DISALLOWANCE

26. Raytheon re-alleges and incorporates herein each of the foregoing paragraphs 1 - 25 of this complaint as if repeated.

27. The FY 2007 COFD seeking affirmative relief against Raytheon for supposed unallowable costs should be overruled, and judgment should be entered in Raytheon's favor, because the FY 2007 COFD is substantively wrong, a nullity and void, unreasonable, an abuse of discretion, and/or not in accordance with the relevant law and facts.

28. Pursuant to FAR Subpart § 33.2 Disputes and Appeals and Section 907 of the Federal Courts Administrative Act (28 U.S.C. § 1491(a)(2)), 41 U.S.C. § 7103(a)(4)(A), and Section 10(a) of the CDA (now codified at 41 U.S.C. § 7104(b)), Raytheon is entitled to a declaration that the Government improperly disallowed $80,518,587 of cost and demanded payment of $80,496,849 including penalties and interest, in the FY 2007 COFD, as well as any interest from the date of the deferment agreement executed by Raytheon and Defendant.

## II. COUNT II - DECLARATORY RELIEF REGARDING THE VALIDITY OF THE FY 2007 COFD

29. Raytheon re-alleges and incorporates herein each of the foregoing paragraphs 1 - 25 of this complaint as if repeated.

30. The FY 2007 COFD does not identify any contract between the Government and Raytheon.

31. Pursuant to the CDA, the FY 2007 COFD should, therefore, be declared a legal nullity in its entirety because the FY 2007 COFD does not meet the requirements of a claim under the CDA.

32. Pursuant to FAR Subpart § 33.2 Disputes and Appeals and Section 907 of the Federal Courts Administrative Act (28 U.S.C. § 1491(a)(2)), 41 U.S.C. § 7103(a)(4)(A), and Section 10(a) of the CDA (now codified at 41 U.S.C. § 7104(b)), Raytheon is entitled to a declaration that the FY 2007 COFD is not a valid claim and that the Government's entire claim in the FY 2007 COFD demanding reimbursement of costs, penalties and interest, is invalid.

## III. COUNT III - DECLARATORY RELIEF REGARDING STATUTE OF LIMITATIONS

33. Raytheon re-alleges and incorporates herein each of the foregoing paragraphs 1 - 25 of this complaint as if repeated.

34. In November 2006, Raytheon SAS submitted its Interim Billing Rate Proposal for 2007. Included in the proposal were the categories of costs DCMA declared unallowable in the FY 2007 COFD issued in June 2014.

35. DCMA knew, or should have known, that Raytheon SAS would invoice and be paid the costs currently at issue in this litigation as early as November 2006.

36. The entire FY 2007 COFD, therefore, is time barred because it was issued more than six years after the November 2006 submission of Raytheon SAS' Interim Billing Rate


Proposal for 2007.

37. Pursuant to FAR Subpart § 33.2 Disputes and Appeals and Section 907 of the Federal Courts Administrative Act (28 U.S.C. § 1491(a)(2)), Section 10(a) of the CDA (now codified at 41 U.S.C. § 7104(b)), Raytheon is entitled to a declaration that the statute of limitations precludes the Government's claims in the FY 2007 COFD regarding the demand for reimbursement of costs. The Government's calculation of its claims was based on the use of historically disputed costs that the Government is time barred from collecting.

### IV. COUNT IV – DECLARATORY RELIEF THAT THE GOVERNMENT'S CLAIM IS OVERSTATED AS APPLIED TO INDIRECT COSTS PAID TO RAYTHEON EITHER AS A SUBCONTRACTOR OR COMMERCIAL CONTRACTOR

38. Raytheon re-alleges and incorporates herein each of the foregoing paragraphs 1 - 25 of this complaint as if repeated.

39. In the FY 2007 COFD, the Government claims that $80,518,587 of costs are unallowable. This amount represents the total amount of indirect costs that the DACO considers unallowable and assumes, incorrectly, that it can demand directly from Raytheon SAS indirect costs paid to Raytheon SAS as a subcontractor and a commercial contractor.

40. Raytheon allocates indirect costs to all of its contracts without regard to whether the contract receiving the allocation is a Government prime contract, subcontract, or commercial contract. The Government cannot seek affirmative payment against Raytheon SAS for subcontracts and commercial contracts for which the Government does not have privity with Raytheon SAS.

41. The DACO's approach significantly inflates the FY 2007 COFD by including indirect costs paid to Raytheon SAS as a subcontractor, or commercial contractor, when calculating the percentage of unallowable costs.

42. Pursuant to FAR Subpart § 33.2 Disputes and Appeals and Section 907 of the Federal Courts Administrative Act (28 U.S.C. § 1491(a)(2)), Section 10(a) of the CDA (codified at 41 U.S.C. § 7104(b)), FAR § 42.709, and FAR Subpart 42.7 Indirect Cost Rates, Raytheon is entitled to a declaration that the Government improperly disallowed millions of dollars of cost incurred by Raytheon SAS through its work on subcontracts and/or commercial contracts.

## V. COUNT V - DECLARATORY RELIEF REGARDING ESTOPPEL

43. Raytheon re-alleges and incorporates herein each of the foregoing paragraphs 1 - 25 of this complaint as if repeated.

44. Pursuant to FAR Subpart § 33.2 Disputes and Appeals and Section 907 of the Federal Courts Administrative Act (28 U.S.C. § 1491(a)(2)), Section 10(a) of the CDA (now codified at 41 U.S.C. § 7104(b)), FAR §§ 31.205-11, 31.203, and CAS 402, 404, and 418, Raytheon is entitled to a declaration that the Government is estopped from making claims with respect to the 2007 costs at issue. The Government's willful and wrongful conduct has unfairly prejudiced Raytheon and should not be condoned by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Raytheon respectfully requests the following relief:

A. That this Court enter judgment under Count I finding that the Contracting Officer's Final Decision dated June 26, 2014 is erroneous, void, and must be overturned in favor of Raytheon.

B. That this Court enter judgment under Count II, and in favor of Raytheon, declaring that the FY 2007 COFD is not a valid claim.

C. That this Court enter judgment under Count III, and in favor of Raytheon, declaring that the statute of limitations bars the Government's claim.

D. That this Court enter judgment under Count IV, and in favor of Raytheon, declaring that the Government improperly disallowed 2007 costs related to subcontracts and commercial contracts.

E. That this Court enter judgment under Count V, and in favor of Raytheon, that the estoppel doctrine precludes the Government's claim.

F. That this Court award to Raytheon such other relief as the Court deems proper.

DATED: September 25, 2014

Respectfully submitted,

RAYTHEON COMPANY

*[signature]*

Donald Featherstun (CA SBN 107976)
dfeatherstun@seyfarth.com
SEYFARTH SHAW LLP
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Mark Holscher (CA SBN 139582)
mark.holscher@kirkland.com
C. Robert Boldt (CA SBN 180136)
robert.boldt@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500
*Counsel for Raytheon Company*

17573916v.2

13